*35 OPINION of the Court, by
Judge Owseey.
This was an action of detinue for slaves, The cause was tried upon the general issue, and a verdict and judgment rendered for the plaintiff, from which the defendants have appealed to this court.
It appears from the evidence,, which is spread upop the record by a bill, of exceptions, that the plaintiff in the court below set. up claim to the slaves in contest under a bill of sale bearing date the 23d of June ] 807, from Reizen West, who had.acquired the possession of the slaves many years before from his .father-in-law Corne,-lius Duvall; and that, the defendants,, who were the children of West and grand children of Duvall, held them under a deed of gift from Duvall to thpir mother Mrs., West, for life, with remainder to them; which deed of gift bears date the 8th of February 1806, more than ten years after West had the slaves in his possession.
On the motion of the plaintiff, the court below instructed, the jury — 1st, That if they believed West to have had five years undisturbed possession of the slaves before the execution of the deed of gift, unless a loan be proved, or unless there be proof that West consented to that act of ownership exercised by Duvall, they should find for the plaintiff. 2d, That an actual delivery by a father to his son, or son-iri-law, of a slave, without any express declaration of the purpose for Which such posses *36 sion was delivered, and a quiet and undisturbed possession of such slave for five years, should be construed a gift of such slave by the father.
The errors assigned question the correctness of these. •' ;v
We have had great difficulty in ascertaining with pre-cisión what proposition of law was intended to be asserted by the court in the first of these instructions. It is obvious that they did not niean to say that the possession, unless held on a loan, or the deed of gift executed by Duvall, was fraudulent,'within the meaning of the statute of frauds, and that the absolute property should betaken, as to creditors and purchasers, to be with the possession : for if they had, they would not have made the case of a loan an exception from the operation of the law, since that is a case expressly within the letter of . the law. It is equally obvious that they did not intend to convey an idea that the jury should find for the plaintiff on the ground of there being proof of an express gift in fee of the slaves : because in that case five years possession could have had no influence, and would not probably have been mentioned; because, too,if they had intended to convey such an idea, they would have predicated their instructions upon the hypothesis that the jury believed the evidence established the fact; and finally, because in such a case they had just told the jury that the law was too plain to require instructions.
We aré inclined to think, therefore, that the court must have intended to assert, that unless there was proof of a loan, or an acquiescence by West in the execution of the deed of gift by Duvall, that the delivery of possession of the slaves by Duvall to West, and the continuance of the possession with the latter for five years, amounted, by construction of law, to a gift in fee of the slaves. Thus construed, the first instruction, though couched in different language, contains an assertion of the same proposition as is contained in the last instruction given to the jury. We will proceed, therefore, to examine the correctness of that proposition.
It cannot admit of a question, that the intention with which the delivery of possession is made, must determine whether it is a gift or not. If there be no intention to give, there can be no gift: for a man can no more part with life property by a gift, than he can by a sale, without an intention to do so. The intention may in- *37 decdbe either expressed orpresumed from circumstances. But in either case, whether the intention existed or not, is a question of fact, and not of law. The proof may be different in the two cases ; the one being susceptible of direct and positive evidence, and the other of circumstantial only. But the difference in the nature of the proof, cannot change the nature of the thing to be proved. If the intention to give, when evinced by positive proof, be matter of fact, it must be equally so when proven by circumstantial evidence.
Where the possession of a slave is delivered by a father to his child, without any declaration at the time of the purpose for which the delivery is made, the circumstance of the relation between them may no doubt create a presumption of an intention to give ; but that presumption may be repelled by other circumstances tending to shew that the possession was delivered upon a hire or a loan, or other contract; as where an annual hire is af-terwards paid by the child, or the possession restored to the father, or the like ; and the weight of the presumption arising from the relation of the parties, as well as of the circumstances tending to repel that presumption, the jury are alone competent to determine.
If then the delivery of a slave without an intention to give, cannot constitute a gift; and if whether such an intention exists or not, is a question of fact to which the jury alone can respond, it is plain that the court, who can only decide questions of law, cannot legally instruct the jury that the delivery of the possession of a slave by a father to his child, unaccompanied with any avowal (if the purpose for which the possession was delivered, constitutes a gift: for in doing so, they must decide upon the fact of the existence of an intention to give. The continuance of the possession of the slave with the child for five years, certainly cannot render such instruction legal, if it be not otherwise so. That circumstance will be a further evidence of the existence of an intention to give, but it cannot make that a gift which was not intended to be a gift. <•
Judgment reversed and cause remanded for new pro- . feedings.