Chief Justice Bibb
delivered the Opinion of the Court.
Upon an indictment found at August term 1826, against Abney for obstructing a public road, the attorney for the Commonwealth gave evidence, that for sixteen or seventeen years, which was as far *478 bark as the witnesses bad been acquainted with the two roads across Green river, the one from the top of the bill to Abney’s ferry. The other from the top of the bill to the ford, about one hundred yards below the ferry, both these roads had been used as public highways; both roads bad been worked on by the bands, and kept in repair by the surveyors appointed by the. county court; that the, said roads had been continually used by wagons and passenser, as public highways; the ferry road in time of high water, and the road to the ford, when the river was fordable; that the river was fordable more days in the year than past fording; that the defendant had obstructed this load to the ford by a fence, and bad continued the fence across the road, as charged it the indictment. He gave in evidence various orders of the, county court, appointing overseers, and allotting bands to keep both these roads in repair, from March 1815, to November 1825. Two of the surveyors who bad been appointed by those orders, in 1816, 1820, 1824 and 1835, attested the facts.
Instruction of the court that the order of court establishing the road, or cause for its non-production, was indispensable to maintain the indictment.
Cases refered to not in point.
This being all the evidence, the court, upon motion of the defendants, instructed the jury, that the defendants could not be convicted of obstructing a public highway, as charged in the indictment, without an order of the county court, establishing the road where the fence was erected; that fire production of such order, or an account for the absence of it, was indispensable; that the orders appointing the overseers, and directions therein to keep those roads in repair, with the oral evidence, was insufficient, and the verdict should be for the defendants.
It is to be noted, that, the controversy here does not turn upon a variance between the tract for the road described in the order of establishment, and that obstructed, as in the Commonwealth vs Logan, 5 Litt, nor upon any question of impotency in the order of establishment, as in McElvoy vs Speed, 4 Bibb, 35. The instruction contains the proposition, that an order of establishment must be preduced, or its absence accounted for.
The, order for establishing a road, contains, first, an appropriation of the laud for the public use; *479 secondly, the description of the tract or locality of the road so established. If the original order of appropriation must be produced m evidence, on trial for obstructing, then the defendant may require that the road described in the. order of establishments be located and identified to be the same that is obstructed; and if the Commonwealth fails in this identification, it would be as fatal to the pro - sedition as the want of an order of establishment. A grant, or order of appropriation of land, which can not be located and identified on the ground, is a useless as if there was no grant or order of appropriation. The rule of evidence which would confine the commonwealth to the production of the order for establishing a road, would, in its principle and analogy, require her to produce evidence of identification and explanation of the descriptions used in that order; as was attempted in the case of the Commonwealth vs Ditto, 2 Bibb, 19. Thus the older a road was, the more difficult it would be to guard against obstruction. For descriptions m locating a road nave reference to names oi persons and places known at that day Persons, owners and tenants remove, the names change, the former names are forgotten, the viewers, surveyors and assistants, in laying out tho road originally, are, deceased, removed, or have forgotten where the road was originally ordered and laid out; and thus the order would become a blank Besides, the records themselves are lost, or for want of complete indices and alphabets to the substance of the orders, instead of the names of the applicants and parties, the contents of this records become obscure, and not to be traced, nor applied to the. changes of proprietors, and names and places, and objects which time has produced in the neighborhood. The. doctrine contended for by the defendant, would overturn tho system and police adopted by the Legislature for public roads.
Proof of the public use of a road for 15 years, recognition of it by the county court in the appointment of surveyors, and their work with their hands upon it for ten years is prima facia sufficient to maintain an indictment for obstructing it, without the order establishing it, or accounting for its absence.
Whenever the Commonwealth, by her officers appointed for that purpose, have exercised jurisdiction over a road, by appointing surveyors, opening, working and repairing if, and the public have been *480 suffered to use if as a highway, the evidence of such jurisdiction, and locality and use, is prima facia evidence for the Commonwealth; and the burthen must the on the obstructor of such a road, to shew the illegality or impropriety of such jurisdiction. Counties have been divided and subdivided, the old settlers are dead and dying or removed, tenements are enlarged, the former occupants unknown; memory of past events, and of names has faded; and from these and various other causes, it would be impossible, in cases of the oldest highways, to trace their establishment up to the source, and prove their legality in the way proposed in this instruction We think the orders of court produced, and the evidence of work and repair, and use of the road sufficient to be left to the jury; and if not rebutted, would fully authorize the conclusion, that the road is a lawful public road, which all the citizens have a right to use, and that the obstruction of it was a public nuisance.
Denny, Attorney General, for the Commonwealth.
Judgment reversed, with costs, and cause remanded for a venire facias de novo.